UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-21668-GAYLES/TORRES

SUSAN RAE, as Personal Representative
of the Estate of Gregory Azeltine, deceased,

    Plaintiff,

v.

CELEBRITY CRUISES, INC., RED SAIL
SPORTS CAYMAN, LTD., and XYZ
CORPORATION,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant Red Sail Sports Cayman, Ltd.'s Motion to Dismiss (the "Motion") [ECF No. 27]. The Court has considered the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.

### BACKGROUND[1]

This action arises from an incident that occurred on January 3, 2019, while Plaintiff and her husband, Gregory Azeltine ("Decedent"), participated in a shore excursion in the Cayman Islands (the "Excursion") as passengers on the *Celebrity Equinox*, a vessel owned and operated by Defendant Celebrity Cruises, Inc. ("Celebrity"). Red Sail Sports Cayman, Ltd. ("Red Sail"), an entity of the Cayman Islands, owned and operated the Excursion. But Celebrity represented to Plaintiff that Red Sail was Celebrity's tour operator.

---

[1] As the Court proceeds on a motion to dismiss, it accepts the allegations in Plaintiff's Complaint, [ECF No. 1], as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

The Excursion included a stop for snorkeling. While participating in the Excursion, Decedent "was spotted floating with his life jacke[t] on and inflated at the time." [ECF No. 1 at ¶ 41]. Decedent had "lost his life." *Id.* at ¶ 42. On April 30, 2021, Plaintiff Susan Rae, as personal representative of the Estate of Decedent, filed this action against Celebrity and Red Sail. [ECF No. 1]. Plaintiff brings the following counts against Red Sail: (1) negligence (Count II); and (2) negligence based on joint venture between Celebrity and the Excursion Entities (Count V). In response, Defendant filed the instant Motion arguing that it is not subject to personal jurisdiction in Florida. [ECF No. 27].

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move to dismiss a claim against it for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "A plaintiff seeking to establish personal jurisdiction over a nonresident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). When the defendant submits evidence in support of its challenge to personal jurisdiction, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Id.* (quoting *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)). "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff," *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (citation omitted), and still must "accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits." *Madara*, 916 F.2d at 1514.

A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists over a non-resident defendant. The Court must first determine whether the applicable statute potentially confers jurisdiction over the defendant, and then whether exercising personal jurisdiction over the non-resident defendant violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004). *See also Associated Transp. Line, Inc. v. Productos Fitosanitarios Proficol El Carmen, S.A.*, 197 F.3d 1070, 1072–74 (11th Cir. 1999) (applying the same analytical framework in a case brought under admiralty jurisdiction). That is, the Court must determine whether the non-resident defendant has such minimum contacts with the forum such that exercising personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *Mut. Serv. Ins. Co.*, 358 F.3d at 1319 (citation omitted).

## DISCUSSION

### I.   Florida's Long-Arm Statute

A non-resident defendant can be subject to personal jurisdiction under Florida's long-arm statute in two ways. *Carmouche v. Tamborlee Mgmt.*, 789 F.3d 1201, 1203–04 (11th Cir. 2015). First, the Court may exercise specific personal jurisdiction under Fla. Stat. § 48.193(1)(a) over suits arising out of or relating to a defendant's contacts with Florida. *Id.* at 1204. Second, the Court may exercise general personal jurisdiction under Fla. Stat. § 48.193(2) over a defendant if the defendant engages in "substantial and not isolated activity" in Florida. Fla. Stat. § 48.193(2). In the Complaint, Plaintiff alleges the Court has personal jurisdiction over Red Sail based on specific jurisdiction pursuant to Fla. Stat. § 48.193(1)(a) and § 48.193(1)(a)(9), general jurisdiction pursuant to Fla. Stat. § 48.193(2), and personal jurisdiction pursuant to Fed. R. Civ. P. 4(k). [ECF No. 1 at ¶¶ 11–16]. Yet, in Plaintiff's response to the Motion, she seemingly abandons these bases

3

for personal jurisdiction and focuses solely on a joint venture theory for jurisdiction under Fla. Stat. § 48.193(1)(a)(1). [2] *See* [ECF No. 30 at 2]. As a result, the Court now turns to that alleged basis for jurisdiction.

**II.     Fla. Stat. § 48.193(1)(a)(1): Specific Jurisdiction Based on Joint Venture**

Subsection (1)(a)(1) confers personal jurisdiction over a non-resident defendant who is "[o]perating, conducting, engaging in, or carrying on a business or business venture in [Florida] or having an office or agency in [Florida]." Fla. Stat. § 43.193(1)(a)(1). Further, non-resident partners in a joint venture can be subject to specific personal jurisdiction based upon the actions of another partner in the joint venture under § 48.193(1)(a)(1). *See Sabo v. Carnival Corp.*, 762 F.3d 1330, 1337 (11th Cir. 2014) (citing *Sutton v. Smith*, 603 So. 2d 693, 698 (Fla. 1st DCA 1992) ("We conclude that the sponsorship agreement, wherever made, created a joint business venture between Appellees and Sutton that contemplated and in fact involved significant performance in Florida and thereby subjected all parties to that joint venture, including Appellees, to personal jurisdiction by Florida courts in respect to causes of actions arising out of the joint venture activities in Florida." (emphasis omitted)); *Terry v. Carnival Corp.*, No. 17-21036-CIV, 2018 WL 1894728, at *5 (S.D. Fla. Jan. 18, 2018), *report and recommendation adopted,* No. 1:17-CV-21036-JLK, 2018 WL 1894720 (S.D. Fla. Mar. 12, 2018). For a joint venture theory of jurisdiction under Fla. Stat. § 48.193(1)(a)(1) to satisfy Due Process, the agreement made outside of Florida must contemplate and result in substantial performance within Florida. *Sutton*, 603 So. 2d at 699.

Plaintiff alleges that the Court has personal jurisdiction over Red Sail under subsection

---

[2] As Defendant points out in its reply, [ECF No. 32 at 1–2], Plaintiff failed to respond to Defendant's arguments denying that there is specific jurisdiction under Fla. Stat. § 48.193(1)(a)(9), general jurisdiction under Fla. Stat. § 48.193(2), and personal jurisdiction under Fed. R. Civ. P. 4(k). The Court thus finds that Plaintiff has abandoned those bases for personal jurisdiction. *See Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (per curiam) ("When a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned." (citation omitted)).

(1)(a)(1) based upon Red Sail's joint venture with Celebrity.[3] Plaintiff claims a joint venture was formed between Celebrity and Red Sail by the companies (1) engaging in the performance of a common purpose to market, sell, and operate the Excursion; (2) jointly controlling advertisements, payment collection, and transportation; (3) maintaining a joint proprietary interest in regard to their customer list, marketing, and losses; (4) sharing profits in connection with the Excursion; and (5) sharing losses sustained in connection with the Excursion. [ECF No. 30 at 6–9]. Red Sail argues, *inter alia*, that (1) Plaintiff failed to properly allege the formation of a joint venture as she merely recited the elements of a joint venture; and (2) even if a joint venture was formed, Red Sail possessed insufficient contacts with Florida to satisfy the Due Process Clause of the Fourteenth Amendment. [ECF No. 32 at 2–7].

The Court finds that Red Sail has insufficient contacts with Florida to satisfy Due Process since the joint venture did not result in substantial performance in Florida. *See Sutton*, 603 So. 2d at 699. Plaintiff claims the supposed joint venture resulted in substantial performance within Florida to satisfy Due Process as (1) Red Sail provided Celebrity, a Miami company, with a description of the Excursion; (2) Celebrity marketed, promoted, and advertised the Excursion to the Plaintiff, the Decedent, and to the public based upon said descriptions; and (3) Celebrity charged passengers a fee for the Excursion and collected payment for these trips in Miami. [ECF No. 30 at 2, 12]. However, in similar cases within this district, judges found nearly identical contacts with Florida based upon an alleged joint venture were insufficient to establish personal

---

[3] Plaintiff also argues that the Declaration of Red Sail's Secretary, Rodney McDowall, submitted as an exhibit to the Motion, [ECF No. 27-1], is conclusory as to Plaintiff's position on the joint venture relationship and, thus, never shifted the evidentiary burden to Plaintiff. However, the affidavit is sufficient evidence to shift the burden back to Plaintiff. *See Singh v. Royal Caribbean Cruises Ltd.*, --F. Supp. 3d--, No. 20-cv-24987, 2021 WL 6884873, at *3 (S.D. Fla. Dec. 10, 2021) (finding the burden shifted back to the plaintiff after the general manager of excursion company declared no partnership, contractual, or other business relationships existed with cruise lines in Florida).

jurisdiction.[4] *See Singh*, 2021 WL 6884872, at *4 (holding that a tour company providing descriptions of excursions which were advertised by a cruise line that collected payments for the excursions on behalf of the non-resident company were insufficient contacts to confer personal jurisdiction). Based on the Complaint's allegations, "the alleged joint venture here did not 'involve performance in *substantial part* within Florida' as is required under Florida Law." *Id.* (quoting *Slaihem v. Sea Tow Bah. Ltd.*, 148 F. Supp. 2d at 1343, 1350 (S.D. Fla. Jun. 25, 2001)). As a result, Red Sail's activities within Florida are insufficient to support a finding of personal jurisdiction.[5]

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, [ECF No. 27], is **GRANTED**.[6]

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of July 2022.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[4] The Court also notes that the law firm representing Plaintiff filed a nearly identical response alleging jurisdiction founded upon joint venture that was rejected in *Singh*. *See* 2021 WL 6884873, at *3–4. *Compare* [ECF No. 30], *with* Response in Opposition, *Singh v. Royal Caribbean Cruises Ltd.*, No. 20-CV-24987 (S.D. Fla. Dec. 10, 2021), ECF No. 29.

[5] Because the Court finds insufficient contacts to support jurisdiction, the Court need not address Defendant's other arguments.

[6] Plaintiff also requests jurisdictional discovery to supplement her jurisdictional allegations. Because there is "no genuine dispute on a material jurisdictional fact to warrant jurisdictional discovery[,]" this request is denied. *Singh*, 2021 WL 6884873, at *8 (citation omitted). Plaintiff cannot pursue jurisdictional discovery to discover new facts that she "should have had—but did not—before coming through the courthouse doors." *Id.* (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007)).